ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| Novum Energy Trading Inc. Recurrente,<br><br>v.<br><br>Genera PR LLC, en representación y como agente de la Autoridad de Energía Eléctrica de Puerto Rico<br><br>Recurrida | TA2025RA00394 | REVISIÓN ADMINISTRATIVA procedente de la Genera PR LLC<br><br>RFP Núm.: 236096<br><br>Sobre:<br>Request for Proposal for the Supply of No. 6 Fuel Oil to San Juan, Palo Seco, Aguirre and Costa Sur Power Plants |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2026.

Comparece Novum Trading Energy, Inc. (en adelante, parte recurrente o Novum) para solicitarnos la revisión de la adjudicación del Requerimiento de Propuestas Número 236096 (RFP Núm. 236096), mediante la cual Genera PR LLC (en adelante, parte recurrida o Genera), en representación y actuando como agente de la Autoridad de Energía Eléctrica de Puerto Rico (en adelante, AEE), adjudicó el RFP Núm. 236096, a favor de Puerto Rico Energy LLC (en adelante, PRE).[1] Sobre dicha adjudicación, Novum presentó una solicitud de reconsideración,[2] la cual fue denegada el 20 de noviembre de 2025.[3]

Por los fundamentos que expondremos, se **desestima** el recurso ante nos por falta de jurisdicción, tras haberse presentado de forma prematura.

**I**

El 5 de agosto de 2025, Genera publicó un *Request for Proposals No. 236096 Supply of No. 6 Fuel Oil* a los fines de adquirir

---

[1] SUMAC TA, a la Entrada Núm. 4.
[2] SUMAC TA, a la Entrada Núm. 6.
[3] SUMAC TA, a la Entradas Núm. 2, 3 y 14.

aproximadamente doce millones (12,000,000) de barriles de aceite combustible.[4] Conforme surge de los documentos de autos, Genera recibió propuestas de BP Latin America, LLC (BP), Freepoint Commodities, LLC (Freepoint), Novum, y PRE, en calidad de proponentes.

Luego de varios trámites innecesarios pormenorizar, en el presente caso, el 2 de octubre de 2025, Genera notificó a Novum su intención de adjudicar el contrato objeto del RFP Núm. 236096 a PRE mediante el documento *Notice of Intent of Award*.[5] Conviene mencionar, que no surge de dicho documento la constancia de la notificación al resto de las partes envueltas en este caso. Acentuamos que de dicho documento se desprende como únicas advertencias que: (i) cualquier suplidor afectado adversamente por la adjudicación de un contrato podría presentar una solicitud de reconsideración ante Genera para lo cual tendría cinco (5) días laborables contados a partir de la fecha de notificación de la adjudicación; (ii) la mera presentación de la solicitud de reconsideración no paralizaría la adjudicación del contrato impugnado; (iii) Genera consideraría la solicitud de reconsideración dentro de treinta (30) días laborables desde su radicación, a menos que Genera notificara que necesitase tiempo adicional para así hacerlo; y (iv) el detalle sobre cómo se debía presentar el escrito.

Inconforme, el 8 de octubre de 2025, Novum instó una solicitud de reconsideración.[6] En su escrito, señaló que la notificación era defectuosa. En específico, indicó que el *Notice of Intent to Award* carecía de (i) las bases por las cuales recomendó a PRE y no a los demás proponentes; (ii) la metodología de evaluación o criterios utilizados; (iii) los nombres y direcciones de todos proponentes que sometieron propuestas. Expresó que, lo anterior, lo impedía de ejercer su derecho a solicitar reconsideración. En consecuencia, solicitó que se reconsiderara la adjudicación emitida. Asimismo, solicitó que se abstuviera de otorgar cualquier contrato o que se suspendiera cualquier contrato firmado con

---

[4] SUMAC TA, a la Entrada Núm. 8.
[5] SUMAC TA, a la Entrada Núm. 4.
[6] SUMAC TA, a la Entrada Núm. 6.

PRE, en relación con el RFP, mientras se encontrara pendiente la moción de reconsideración. Por último, solicitó toda la información y documentos públicos en el expediente de contratación, omitiendo únicamente la información que fuera confidencial o privilegiada con la base legal correspondiente.

En el interín, estando la solicitud de reconsideración pendiente de adjudicación, el 2 de noviembre de 2025, Genera suscribió el contrato en cuestión con PRE.[7]

Semanas más tarde, el 20 de noviembre de 2025, Genera notificó a Novum su determinación mediante la cual denegó la solicitud de reconsideración.[8] Conviene mencionar que no surge constancia de la notificación de dicha determinación al resto de las partes objeto de este caso y mucho menos las advertencias de ley sobre los procesos de revisión judicial.

Inconforme con el resultado, el 10 de diciembre de 2025, Novum presentó ante este Tribunal un Recurso de revisión judicial,[9] en el cual esbozó la comisión de los siguientes tres (3) errores:

A. EL AVISO DE INTENCIÓN DE ADJUDICAR (NOTICE OF INTENT TO AWARD) FUE DEFECTUOSO AL NO PROVEER EL NOMBRE Y LA INFORMACIÓN DE CONTACTO DE LOS OTROS PROPONENTES, UN RESUMEN DE SUS PROPUESTAS, NI LOS CRITERIOS Y FACTORES CONSIDERADOS PARA LA ADJUDICACIÓN, PRIVANDO A NOVUM DE SU DERECHO A UNA EVALUACIÓN JUSTA E INCIDIENDO EN SU DEBIDO PROCESO DE LEY.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN GENERA PR LLC AL CONCLUIR QUE NO VIOLÓ EL DEBIDO PROCESO DE LEY CUANDO EJECUTÓ EL CONTRATO ESTANDO PENDIENTE DE REVISIÓN LA SOLICITUD DE RECONSIDERACIÓN DE NOVUM, AUN SIN HABER TENIDO ACCESO OPORTUNO AL EXPEDIENTE Y SIN NOTIFICACIÓN ADECUADA.

---

[7] SUMAC TA, a la Entrada Núm. 7.

[8] SUMAC TA, a la Entradas Núm. 2, 3 y 14. Se desprende de la determinación en reconsideración que al considerar la misma, Genera dispuso lo siguiente:
  "First and foremost, as stated above, the provisions of Act 83 and Act 38 do not apply to the O&M Agreement nor to Genera's Manual. Therefore, the provisions of Act 38, including those related to the notice of an award, do not apply to the RFP process, since it is a procedural framework under Act No. 29 of June 8, 20098, applicable to public-private partnerships, such as the one between PREPA, Genera and P3A, which is governed by the O&M Agreement and Genera's Manual".

[9] SUMAC TA, a la Entrada Núm. 1.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN GENERA PR LLC AL VALIDAR E INVOCAR LAS CLÁUSULAS DEL RFP QUE IMPONEN UNA RENUNCIA ANTICIPADA A DERECHOS Y REMEDIOS, POR LAS MISMAS SER NULAS Y CONTRAVENIR EL ORDEN PÚBLICO, LA TRANSPARENCIA Y EL PRINCIPIO DE LEGALIDAD ADMINISTRATIVA.

En esa misma fecha Novum también presentó una Moción en auxilio de jurisdicción,[10] a la cual se opuso Genera. El 19 de diciembre de 2025, este Tribunal emitió Resolución y ordenó la paralización de los procedimientos.[11] En este punto, conviene mencionar que, tras estar en desacuerdo con nuestra determinación interlocutoria, Genera acudió al Alto Foro en el alfanumérico CC-2025-927. Sobre este particular, luego de varios trámites ante dicho Foro, mediante Sentencia emitida el 12 de enero de 2026, la última instancia judicial dejó sin efecto, de forma final la orden de paralización emitida por esta Curia y nos devolvió el caso para que se atendiera en los méritos.[12] El Mandato fue remitido el 28 de enero de 2026.[13]

En el interín, las incidencias procesales continuaron ante este Foro. Uno de los eventos acaecidos fue el 22 de diciembre de 2025, cuando, en lo atinente, Genera interpuso una solicitud de desestimación.[14] Alegó en esencia que no existía base legal para revisión judicial en este proceso de licitación el cual se encontraba bajo impugnación ante este Tribunal.

Por otro lado, en igual fecha, Novum incoó su oposición a la solicitud de desestimación.[15] Solicitó que se denegara la solicitud de desestimación bajo el fundamento de que esta Curia tenía jurisdicción para revisar la adjudicación y que lo que Genera intentaba evadir era la fiscalización judicial.

Por otro lado, el 26 de diciembre de 2025, Genera presentó una réplica a la oposición a solicitud de desestimación interpuesta por Novum.[16]

---

[10] SUMAC TA, a la Entrada Núm. 2.
[11] SUMAC TA, a la Entrada Núm. 5.
[12] SUMAC TA, a la Entrada Núm. 25.
[13] SUMAC TA, a la Entrada Núm. 26.
[14] SUMAC TA, a la Entrada Núm. 7.
[15] SUMAC TA, a la Entrada Núm. 13.
[16] SUMAC TA, a la Entrada Núm. 15.

Arguyó en lo atinente, que este Tribunal carecía de jurisdicción porque la Ley de Alianzas Público Privadas (Ley de APP) no autorizaba la revisión judicial para este RFP. Reiteró su solicitud de desestimación del recurso.

El 28 de diciembre de 2025, Novum instó una Oposición a "urgente solicitud de intervención de la Autoridad de Energía Eléctrica".[17] Se opuso a lo solicitado y peticionó que la intervención de la AEE fuese una limitada.

El mismo 28 de diciembre de 2025, en lo pertinente, Novum instó un escrito en oposición a la solicitud de desestimación presentada por PRE.[18] Argumentó en esencia que los argumentos que surgían de la solicitud de desestimación presentada por PRE lo que buscaban era frustrar la revisión judicial.

En esa misma fecha, Novum presentó una dúplica. Rechazó los planteamientos de Genera y reiteró que sí existía revisión judicial de este proceso de licitación. Solicitó la continuación de los procedimientos ante esta Curia.[19]

El 7 de enero de 2026, Genera presentó su Alegato en oposición. Puntualizamos que, posterior a esta fecha y según hicimos mención, el 28 de enero de 2026, se recibió el Mandato en el recurso CC-2025-0927, el cual nos fue devuelto para la continuación de los procedimientos.

Luego, el 3 de marzo de 2025, Novum presentó Moción informativa sobre presentación de petición de certiorari ante el Tribunal Supremo de Puerto Rico.[20] Expresó haber interpuesto una petición de certiorari ante el Alto Foro en el alfanumérico CC-2026-0125. Como parte de su escrito, mencionó haber presentado el antedicho recurso para preservar cautelarmente su derecho a revisión judicial, ante posibles términos jurisdiccionales bajo la Ley de APP. Solicitó a este Tribunal que tomara conocimiento.

Por otro lado, como parte del trámite apelativo, en distintos escritos se solicitó la desestimación del recurso por alegados defectos en la

---

[17] SUMAC TA, a la Entrada Núm. 16.
[18] SUMAC TA, a la Entrada Núm. 17.
[19] SUMAC TA, a la Entrada Núm. 18.
[20] SUMAC TA, a la Entrada Núm. 29.

notificación,[21] las cuales, evaluados las mismas disponemos declararlas No Ha Lugar.

Con todo lo anterior en mente, procederemos a disponer del presente recurso.

**II**

**A**

**Notificación adecuada**

La Sección 7 del Artículo II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. CONST. PR, Art. II, Sec. 7; CONST. EE. UU., Emda. V y XIV. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987). Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio. *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889. A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo. *Rivera Santiago v. Srio. de Hacienda*,119 DPR 265, 274 (1987).

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal. *R & G Mortgage v. Arroyo Torres y*

---

[21] SUMAC TA, a las Entradas 7, 14 y 15.

*otros*, 180 DPR 511, 525 (2010). Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso. *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016). Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir. *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015).

**B**

**La Falta de jurisdicción por falta de madurez**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subasta ASG*, *supra*, a la pág. 698. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subasta ASG*, *supra,* a la pág. 698. De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse. *Bco. Santander v. Correa García*,

196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente. *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas. *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147. Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto. *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010). En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) cuando se pretende promover un pleito que no está maduro. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001). Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra,* a la pág. 365. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles*, *supra,* a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.*, *supra,* a la pág. 366.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 110, 215 DPR __ (2025).

**III**

Como cuestión preferente a cualquier otro asunto, este Tribunal tiene el deber de auscultar su propia jurisdicción para entender en un recurso. Con lo anterior en mente, nos dimos a la tarea de estudiar con detenimiento la totalidad del expediente ante nuestra consideración el cual, entre otros, ha estado inmerso, de forma interlocutoria en por lo menos dos procedimientos ante la última instancia judicial. Sin embargo, estando el caso pendiente ante nuestra consideración y tal y cual ordenó el Alto Foro, procederemos a disponer del presente caso.

En el recurso ante nuestra consideración, la parte recurrente esgrime, mediante su primer señalamiento de error que el Notice of Intent to Award, emitido por Genera, fue defectuoso al no proveer el nombre y la información de contacto de los otros proponentes; un resumen de sus propuestas; ni los criterios y factores considerados para la adjudicación, privando a Novum de su derecho a una evaluación justa e incidiendo en su debido proceso de ley. Además, plantea que erró y abusó de su discreción al concluir que no violó el debido proceso de ley cuando ejecutó el contrato estando pendiente de revisión la solicitud de reconsideración de Novum, aun sin haber tenido acceso oportuno al expediente y sin notificación adecuada. Finalmente, expresa que erró y abusó de su discreción al validar e invocar las cláusulas del RFP que imponen una renuncia anticipada a derechos y remedios, por las mismas ser nulas y contravenir el orden público, la transparencia, y el principio de legalidad administrativa. Estamos de acuerdo.

Conforme surge de la determinación final de Genera, emitida el 20 de noviembre de 2025, esta reconoció que el marco procesal que rige el

RFP del caso ante nuestra consideración es la Ley de APP. La referida ley, en su Artículo 20(b), 27 LPRA sec. 2619, reconoce el derecho del solicitante no cualificado o el proponente no seleccionado para presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones. En vista de ello y de una revisión del Notice of Intent of Award, emitido el 2 de octubre de 2025, forzoso es concluir que la notificación mediante la cual se adjudicó el RFP de referencia adolece de defectos que impiden nuestra revisión en estos momentos. Esto pues la misma, como bien indicó la parte recurrente, no contiene un resumen de las propuestas sometidas ni los fundamentos de Genera para emitir su decisión y rechazar las ofertas presentadas por el resto de los licitadores. Asimismo, si bien advirtieron a los licitadores sobre su derecho a acudir en reconsideración ante Genera, fallaron en instruir a los proponentes no cualificados o no seleccionados sobre su derecho a solicitar una revisión judicial ante este Tribunal de Apelaciones, incluyendo el término aplicable y el comienzo de este, conforme lo dispone el Artículo 20(b) de la Ley de APP, 27 LPRA sec. 2619. Incluso, conviene mencionar que no surge de dicho documento la constancia de la notificación a las partes envueltas en este caso. Lo anterior, incide sobre la facultad que le asiste a este Foro para ejercer sus funciones de revisión a cabalidad, toda vez que se trata de una notificación defectuosa, e inevitablemente provoca que el recurso incoado sea uno prematuro. A tenor, es norma harta conocida que cuando la notificación no es adecuada, esta no surte efecto y los términos no comienzan a transcurrir.

Este Panel no puede pasar por alto el que reconoce que Novum ha presentado ante el Alto Foro una petición de *certiorari*, aduciendo una reserva de derecho del trámite apelativo. No obstante, no es menos cierto que independientemente de lo anterior, debemos alertar tal y como hemos hecho con esta discusión, que nunca adquirimos jurisdicción apelativa para así hacerlo debido a las serias fallas en la notificación de la adjudicación recurrida. Es por todo lo anterior que procede desestimar el recurso ante nos. Ahora bien, lo anterior en nada limita que una vez Genera notifique su

adjudicación conforme mandata nuestro ordenamiento jurídico, la parte que así lo estime pueda presentar la acción que proceda.

**IV**

Por los fundamentos antes expuestos, esta Curia se declara sin jurisdicción, tras haberse presentado el recurso de forma prematura. Por tanto, se **desestima** el recurso incoado y se devuelve para que sin dilación notifique adecuadamente la determinación, en armonía con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones